## Commonwealth *v.* Donato  et al., Appellants.

*Criminal law—Attempt to extort—Conspiracy to extort—Acquittal on charge of attempt—Effect.*

Where, in the trial of indictments for attempting to extort and for conspiracy to extort, the evidence was sufficient to warrant a conviction on both charges, a conviction on the charge of conspiracy to extort, will be sustained, although the defendants were acquitted on the charge of attempting to extort.

*Appeals—New trial—Notes of testimony stolen.*

The fact that part of the stenographic notes of testimony had been stolen, is not ground for a new trial, where, on appeal, it did not appear that the defendants were prejudiced by the absence of the notes.

Argued December 16, 1925.  Appeals Nos. 227 and 228, October T., 1925, by defendants, from judgments and sentences of Q. S. Philadelphia County, January T., 1924, No. 1065, in the case of Commonwealth of Pennsylvania v. Thomas Donato and Giacomo Campaniola.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictments for attempting to extort and for conspiracy to extort.  Before HENNINGER, P. J., 50th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

*Error assigned,* among others, was refusal of defendant's motion for a new trial.

*Harry A. Mackey,* for appellants.

*Samuel P. Rotan,* District Attorney, and with him *Michael A. Foley,* Assistant District Attorney, for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

Defendants were indicted on two bills, one charging them with an attempt to extort money from Luigi Colacino and Antonio Turco in violation of the Act of May 27, 1897, P. L. 111, and the other charging them with conspiring to extort money from Colacino and Turco. They were tried jointly on both indictments before the same jury and found guilty on one count of the conspiracy bill and acquitted on the bill charging an attempt to extort money. The conspiracy bill contained three counts. The first count charged defendants with conspiring to arrest Colacino and Turco with the intent to procure money from them by means of the arrest. The second count charged that while Colacino and Turco were under arrest defendants conspired to obtain $500 from them as a price or reward for quashing the charges on which they were arrested and in custody. The third count charged that they entered into a conspiracy for the purpose of obtaining $50 from Colacino and Turco. The bill charging an attempt to extort money was based upon the same transactions. The conviction was on the second count of the conspiracy bill, the learned trial judge having directed an acquittal on the first and third counts.

An inspection of the abstract of testimony, which was agreed upon by the learned counsel for defendants and the district attorney, shows that the evidence introduced by the Commonwealth was sufficient to warrant the finding of the following facts: Donato, one of

the defendants, was a licensed detective, and Campaniola, the other defendant, was a clerk in the office of Magistrate Ferri, whose office is in South Philadelphia. Colacino and Turco lived at 4622 Worth Street, in the northeast section of Philadelphia known as Frankford. On the evening of October 24, 1923, at 7:00 P. M. Donato went to their home and informed them that he had a warrant for their arrest on the charge of highway robbery and arrested them and took them in an automobile to an Italian club in Tacony about two miles away, where he found Campaniola, who got into the automobile which proceeded to Magistrate Ferri's office, which they reached about 10:00 P. M. Defendants took the prisoners into a private room in the rear of the magistrate's office where Campaniola, in the presence of Donato, told them that the offense for which they were arrested was a very serious one but that if they desired it they could "get this thing fixed up." When Turco asked what that meant Campaniola said that the matter could be fixed up and settled for $500. Colacino and Turco started to cry and said that they didn't do anything and they didn't see why they would have to pay $500, and that they could not raise that amount of money. Later in the evening Campaniola told them they could get out for $150. Subsequently Campaniola said they could be released on an agreement that they would pay the sum of $50 in cash in advance on or before twelve o'clock on the following day and they would be released and given an addressed envelope into which they were directed to place the $50 and send it to the office by the wife of one of the prisoners. Campaniola cautioned the prisoners not to tell the wife what the envelope contained. No arrangements were made at that time for a hearing and no recognizance was signed. The $50 was not paid and Colacino and Turco were re-arrested and taken before a magistrate in Frankford where bail was entered

for their appearance before Magistrate Ferri, who held a hearing on the original charge and the case was returned to the court of quarter sessions where the trial resulted in a verdict of not guilty. The arrest of Donato and Campaniola on the charges involved in the present case followed.

It is most earnestly contended by the able counsel for appellants that the acquittal of defendants on the bill which charged them with attempting to extort the $500 from Colacino and Turco in the room back of the magistrate's office establishes the fact that Campaniola did not make the offer to settle the case for $500, and that with that fact established there could be no conviction on the count charging them with conspiracy to extort the $500. We cannot assent to that proposition. The case is somewhat analogous to one in which a defendant charged in a bill of indictment with simple assault and battery and aggravated assault and battery growing out of the same transaction is acquitted on the count charging simple assault and convicted on that charging aggravated assault. It would hardly enter the imagination of anyone that the conviction could not stand simply because there was an acquittal on the other count. While it is vain indeed to speculate upon the reasons which moved the jury in this case, that tribunal may have thought that defendants ought to be convicted and sentenced but once because the attempt to extort the $500 and the conspiracy to extort was one transaction. The manifest inconsistency of the verdicts rendered upon the two bills did not require the learned trial judge to set aside the conviction on the second count of the conspiracy bill. That the evidence in the case was sufficient to warrant a conviction of an attempt to extort the money, as well as of a conspiracy to do so, is a complete answer to this contention.

A few days after the trial in the court below, when

the official stenographers of that court were called upon to produce the notes of testimony of the case, it was discovered that the stenographic notes of testimony taken on the first day of the trial had been stolen and that therefore it was impossible to transcribe the testimony of the witnesses and make it a part of the record. That fact was urged upon the learned trial judge as a reason for granting a new trial, and it is contended here that the failure to grant a new trial for that reason was an abuse of discretion amounting to reversible error. We are not convinced that the loss of the stenographic notes entitled defendants to a new trial. No authority has been cited to sustain such a contention. A careful examination of the agreement of counsel as to the testimony of the witnesses, and the charge and the opinion dismissing the motion for a new trial, has convinced us that defendants were not prejudiced upon this appeal by the absence of the notes of testimony. The case was well tried and presented to the jury in a charge of which no complaint is made.

All of the assignments of error are overruled. The judgments are affirmed and the record is remitted to the court below and it is ordered that the defendants appear in that court at such time as they may be there called and that they be by that court committed until they have complied with the sentence or such part thereof which had not been performed when this appeal was made a supersedeas.