## Headley *v.* Tompkins et ux, Appellants.

*Appeals—Judgment n. o. v.—New trial—Trespass quare clausum fregit—Inability to procure testimony—Failure of stenographer to transcribe notes.*

On an appeal from the refusal of defendant's motion for judgment non obstante veredicto and a new trial, in an action of trespass quare clausum fregit, the record did not include the testimony because the stenographer had left the state before his notes were transcribed. It appeared from statements of counsel and the opinion of the trial court that the issue was one of fact.

Under such circumstances the action of the lower court will be affirmed.

*Real estate—Rule for issue to quiet title—Docketing action in other case—Appeal—Interlocutory order—Act of June 10, 1893, P. L. 415.*

Where a rule for an issue to determine title to real estate under the Act of June 10, 1893, P. L. 415, is allowed, but improperly docketed as of the same number as a suit for trespass to the same property, the Appellate Court, on an appeal in the latter case, will not review the action of the lower Court in framing the issue.

The proceeding for an issue to quiet title is wholly independent of the action of trespass, and must be made the subject of a separate appeal, and, moreover, the issue is interlocutory and no appeal therefrom was given by the Act of 1893.

Argued March 1, 1926. Appeal No. 1, February T., 1926, by defendants, from judgment of C. P. Wayne County, October T., 1922, No. 119, in the case of William C. Headley v. Jesse B. Tompkins and Cora Tompkins. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass quare clausum fregit. Before SEARLE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1 and judgment thereon. Defendants appealed.

*Errors assigned* were the refusal of judgment non obstante veredicto and a new trial.

*A. G. Rutherford,* for appellants.

*M. E. Simons, for* appellee.

HENDERSON, J., April 30, 1926:

The judgment in favor of the plaintiff was obtained in an action of trespass quare clausum fregit. On October 20, 1923, rules for a new trial and for judgment n. o. v. were taken. On January 14, 1925, the court discharged both rules. This action is made the subject of the first five assignments. The record brought up does not include the testimony. This omission is accounted for by the learned counsel for the appellants because the stenographer who had taken the testimony, soon afterwards became ill and left the state without having made a transcript of his notes, as directed by the trial judge. It was explained that repeated requests had been made to the stenographer for the transcript, but that he had wholly failed to act in the premises or to reply to the communications of the counsel. His official connection with the court seems to have ceased soon after the trial, and the ordinary course of procedure has not resulted in obtaining the desired testimony. The question involved the title and possession of a small piece of land, and the statements of the respective counsel as well as the opinion of the court discharging the rules referred to satisfies us that the issue joined was one of fact. What the evidence disclosed as to the record title and actual possession of the disputed premises is not before us, and we are clearly not in a position to declare

that the court should have given binding instructions or have entered judgment for the defendants. This is true also of the application for a new trial. Ordinarily the granting of such an application is a matter resting in the sound discretion of the court. The action of the latter can only be reviewed to inquire whether that discretion has been abused. It is said by the appellants that the court should not have disposed of the rule until the stenographer's notes had been transcribed and filed. But the court had given the necessary order for such action by the stenographer, and the latter having ceased to act in his official capacity, and being beyond the limits of the Commonwealth, no criticism of the court can be entertained for failing to secure compliance with the order to transcribe. Moreover, the judge who tried the case could dispose of the motion for a new trial from his knowledge of the evidence in the case. It appears from his opinion filed, that in his judgment the case was one for the jury, and if so, it was within his power to discharge the rule for a new trial. It may be the appellants by sending a messenger to the stenographer could have secured a copy of the evidence. This does not seem to have been done; perhaps it was not thought of. Reliance was placed on letters written. The situation, of course, is embarrassing to the appellants and their counsel, but it was the right of the plaintiff to insist that the case be prosecuted with reasonable dispatch, and it cannot be urged that there was undue haste, in view of the fact that the rules were granted October 20, 1923, and the action of the court was taken January 14, 1925. That period gave abundant opportunity to take any action which the law allowed or which the ingenuity of the counsel might suggest, to secure the missing record. On the facts as presented the determination of the case ought not to be postponed to greater length to the prejudice of the plaintiff.

On February 18, 1924, the plaintiff obtained a rule on the defendants to show cause why an issue should not be framed to settle and determine the title to the land in dispute, pursuant to the provisions of the Act of June 10, 1893, P. L. 415, which rule was made absolute January 14, 1925: to which order the defendants excepted. The prothonotary seems to have docketed the latter proceeding in the same number which the action of trespass bore, and the defendants in prosecuting their appeal have assigned for error the order of January 14, 1925, above recited. This is an unintended attempt to bring before us for review two judgments in one appeal. The proceeding for an issue to quiet title is wholly independent of the action of trespass, and might have been restorted to instead of that actually adopted. It was instituted after the trial of the trespass case. If a review of that order were desired a separate appeal would be necessary, as it has no procedural connection with the action of trespass. Moreover, the rule for the issue is interlocutory in the absence of a statutory right of appeal. The Act of June 10, 1893, does not give an appeal from the action of the court framing an issue, and our attention has not been called to any provision for an appeal in such case. For two reasons, therefore, the assignment relating to the issue framed cannot be entertained: It relates to a proceeding not involved in the action of trespass and the order is interlocutory. The questions for us to determine are, therefore,

1st. Whether judgment should have been entered for the defendant n. o. v.?

2nd. Whether the court is chargeable with abuse of discretion in refusing to grant a new trial?

For the reasons above stated neither of the assignments can be sustained. The judgment is therefore affirmed.