Commonwealth of Pennsylvania *v.* Cancelliere & Cancelliere, Appellants.

194

Argued April 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff. JJ.

*H. F. Stambaugh,* and with him *Oliver K. Eaton, Ralph H. Smith, Peter M. Cancelliere* and *Watson & Freeman,* for appellants.—A new trial should be granted where the official stenographer's notes of the trial cannot be produced: James & Rahm v. French, 5 C. C. 270; Secured Investments, Inc. v. Schland, 1 D. & C. 299.

*Samuel H. Gardner,* District Attorney, and with him *J. E. Kalson,* Assistant District Attorney, for appellee,

cited: Dental Manufacturing Supply Company v. Southern Railway Company, 82 Pa. Superior Ct. 558; Walter v. Sun Fire Office, 165 Pa. 381.

PER CURIAM, July 21, 1930:

The defendants were convicted of assault and battery. Motions in arrest of judgment and for a new trial were made on the ground that the verdict was contrary to law and against the weight of the evidence. Afterwards, an additional reason was filed, stating that the stenographer's notes which embodied the record in the case were lost and the defendants were thereby unable to properly perfect the record. The court refused the motions. Appeals were taken and the matter came before our court and we sent the record back in order that the lower court, if it thought proper, might grant them relief. They presented their petition to the lower court again stating the loss of the stenographer's notes, specifying that objections had been made to the exclusion of certain testimony and asking the court to allow a bill of exception as to such errors. The Commonwealth denied the allegations contained in the petition and declared that no technical questions of law arose during the trial and that the issue was one of fact alone and that no exceptions were taken by the defendants during the trial. The court, en banc, refused to seal a bill or allow depositions to be taken. The opinion is very brief. We quote: "The argument by counsel for defendants, in support of said petition was vague, indefinite and uncertain as to whether exceptions were taken at the trial. The facts in the case remain unchanged, all of which are before your honorable court on appeal. The petition is therefore refused. And further the petition for leave to take depositions is also refused."

The matter is now again brought to our attention, the defendants having filed additional assignments of error and submitted a supplementary brief.

It is evident that the trial judge has a clear conviction, shared by the other judges, that justice does not require that the defendants be accorded a new trial. In his former opinion sur motion for a new trial, he reviewed the testimony at length deeming it his duty to do so, in view of the fact that the notes were lost. He took occasion to state, "At the argument of this motion, not a single reason was advanced by the defendants why the motion should be granted, except that the stenographer's notes of testimony had disappeared or had been lost and that, therefore, the court was powerless to pronounce sentence. This reason is untenable. Throughout the entire trial, the defendants did not take a single exception to the action of the court in rejecting or admitting testimony or to its charge. No exception was taken to any part of the trial from beginning to end, and the case went to the jury purely on its merits. Nor is it alleged by the defendants that any errors were, in fact, committed throughout the trial. The evidence was not only ample to sustain a conviction of assault and battery, but had the defendants been indicted and convicted of aggravated assault and battery, or even felonious assault upon this same evidence, we would not have hesitated in sustaining the conviction. Under these circumstances, there is no merit to the defendants' only contention that the loss of the stenographer's notes entitled them to a new trial."

The mere loss of the stenographer's notes does not entitle the defendants to a new trial: Com. v. Donato, 87 Pa. Superior Ct. 285. The trial judge stated, as above set out, that no question as to the allowance or exclusion of testimony was raised in the trial. He could dispose of the motion from his knowledge of the evidence of the case: Headley v. Tompkins, 88 Pa. Superior Ct. 158. We have no reason to believe that the taking of the depositions of the opposing counsel who apparently have different recollections as to what

occurred at the trial, would be of any assistance to the trial judge, who is the final arbiter as to what passed at the trial. He having found that no objection was made to the admission or rejection of any evidence during the trial, there is nothing before us to review and a prolonging of the controversy would be of no value. The matter was one within the sound discretion of the lower court and we do not think that that discretion has been abused.

In No. 201, April T., 1930, the appeal is dismissed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

A similar order is directed to be entered in No. 202, April T., 1930.