## Sheffield King Milling Co. to Use, Appellant, *v.* Vasiloff et al.

Argued March 13, 1931.

Before Trexler, P. J., Keller, Linn, Gaw-
throp, Cunningham, Baldrige and Drew, JJ.

*Daniel H. Kunkel,* for appellant.
No brief for appellee.

Opinion by Gawthrop, J., April 15, 1931:

On December 2, 1920, plaintiff, appellant, sued de-
fendants in assumpsit and the case was put at issue
within fifteen days. After seven continuances the
case was tried on November 14, 1922, the plaintiff
obtaining a verdict for $559.33. On November 17,
1922, three of defendants filed a motion for a new

trial, setting up, in addition to the usual formal reasons, that the court erred (1) in refusing to admit certain evidence, and (2) in failing to give certain instruction to the jury. At the same time they requested permission to file additional reasons after the testimony had been transcribed and filed. On the same day the court granted this request. The docket entries show that for the next five and one half years, or until April 11, 1928, the case lay dormant, when it appeared on the argument list of the court below for the first time. At that time and at the May and June Terms of 1928, the case was continued. It then went off the argument list until March Term, 1930. Counsel for appellant asserts in his brief that in 1928, defendants having done nothing pursuant to their motion for a new trial, he had the case set down for argument on April 11, 1928; that when the case was called at that term counsel for defendants informed the court that he was unprepared to argue the motion because the testimony had not been transcribed and requested the court to continue the case to permit him to see whether or not the testimony could be transcribed and filed; that when the case was called for argument in March, 1930, counsel for defendants asked for a new trial on the sole ground that the notes of testimony had never been transcribed. On June 6, 1930, the court ordered a new trial and this appeal is by plaintiff from that order.

The single question presented is whether the granting of the new trial amounts to a clear abuse of discretion. The general rule is that where a new trial has been awarded the fact that the court refers to certain reasons for its action will not be treated as conclusive that the matters referred to alone controlled its decision; and that if the court had other matters before it and does not declare that he would have refused to grant the new trial except on the ground referred to, an appeal from an order granting a

new trial will be dismissed. See Schroeder v. Gulf Ref. Co., 300 Pa. 405. The court below in his opinion seemingly rested his conclusion that a new trial should be granted on the ground that the testimony and the charge of the court had not been transcribed and filed, to the exclusion of every other ground. He states that as he has no recollection of what "transpired" at the trial "it is impossible now to rule upon" the questions raised by defendant's motion for a new trial; that if a new trial were refused the defendants would be deprived of the right granted by the court to file additional reasons for a new trial after the notes of testimony were transcribed, and would also be deprived of taking an appeal because they have no record from which to appeal. He does not indicate that he entertains the thought that any error was committed in the conduct of the trial. Under all the circumstances we are convinced that the loss of the stenographic notes, if it be a fact that they were lost, did not warrant the ordering of a new trial. When defendants received permission to file additional reasons for a new trial after the testimony had been transcribed, it was their duty promptly to take the proper steps to have the transcript of testimony filed. There is not a word in the record tending to establish the fact that any such effort was made, and the only rational conclusion is that counsel for defendants, instead of moving with reasonable diligence to procure a transcript of the testimony, allowed the case to sleep almost six years and until counsel for the successful party in the court below had the case set down for argument, and then allowed almost two years more to pass before the case was brought to a hearing. If a transcript of the testimony could not be procured because the stenographic notes were lost soon after the trial, it became the duty of counsel for defendants to make the facts known to the court within a reasonable time.

Manifestly this was not done. If it had been done the court could have disposed of the motion from his own knowledge of the evidence in the case, if the argument had been held within a reasonable time. See Headley v. Tompkins, 88 Pa. Superior Ct. 158. Or, as stated by the Supreme Court in Walter v. Sun Fire Office, 165, Pa. 381, if the testimony was made part of the record by exception, etc., its loss "might have been sufficiently supplied in the same way that lost or destroyed records are supplied when necessary." We held in Com. v. Donato, 87 Pa. Superior Ct. 285, that the mere loss of the stenographic notes did not entitle the defendants to a new trial. We are forced to the conclusion that the order requiring plaintiff to try the case a second time not only does it a manifest injustice but amounts to a denial of justice. The lapse of time, for which defendants are responsible, may have made it impossible for plaintiff to prove its case a second time. For these reasons we are constrained to hold that the court below abused his discretion in ordering a new trial.

The order is reversed and it is directed that judgment be entered on the verdict.