Commonwealth *v.* Kimble, Appellant.

Submitted June 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before GREEVY, J., specially presiding.

*Max K. Markovitz,* for appellant.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WATKINS, J., September 11, 1958:

The appellant, Harold Kimble, was convicted on October 18, 1957, on four bills of indictment in the Court of Quarter Sessions of Allegheny County for violation of the narcotic laws. The appellant was sentenced to pay a fine of $250, to pay the costs of prosecution and to undergo imprisonment of not less than five years nor more than ten years in the Allegheny County Workhouse. This sentence was to run concurrently with the sentence imposed in a prior case of Aggravated Assault and Battery, which he was serving at the time. Similar concurrent sentences were imposed on the other three bills. Prior to the argument on his motion for a new trial and in arrest of judgment, the stenographer who took the notes of testimony at the trial became incapacitated and was unable to transcribe his notes.

The appellant's original motion for a new trial set forth four stereotyped reasons: That the verdict was against the evidence and the weight thereof; that it was against the law; that it was against the charge of the court and that the trial judge erred in ruling on the evidence. The motion in arrest of judgment set forth that error appeared on the face of the record of the proceeding and that the evidence was insufficient to sustain the charge in the indictments. No more specific reasons were ever given, except that, prior to

the argument, the following additional reason was filed:

"It is impossible to procure a transcript of the proceedings at the trial of the above-captioned case, so as to ascertain what trial errors were committed such as to be the basis of the filing of further reasons in support of the pending motion for a new trial, or such as to be the basis of supporting the reasons heretofore filed in the pending motion for a new trial and in the pending motion for an arrest of judgment. Mr. W. W. Shaw, the court reporter, who took the testimony and the charge of the learned trial judge, is incapacitated, and his incapacity, according to the defendant's information and belief, will prevent Mr. Shaw's future ability to transcribe the trial testimony and the charge of the court, and none of the other court stenographers is able to transcribe said testimony and charge."

After argument before the court en banc the motions were dismissed and this appeal is based solely on the refusal of the Court below to grant a new trial because the transcript of testimony was not available to the appellant. So the question before us is whether the failure to grant a new trial for that reason is an abuse of discretion by the court below. We do not believe it is, unless accompanied with a recital of facts pointing out how the lack of the notes of testimony prejudiced the appellant.

A careful examination of the review of the testimony, from the copious notes of the trial judge, as set forth in the opinion of the court below, where the testimony of the witnesses and the charge of the court is recited in detail, the accuracy of which is not challenged by the appellant, does not convince us that the appellant was prejudiced, in any way, on his appeal, by the absence of the notes of testimony. To the contrary, it appears that the appellant had a fair trial;

that the evidence amply supported the verdict; and that it was presented to the jury by the trial judge in an able charge to which the appellant made no complaint at the time.

The mere absence of the stenographic notes did not entitle the appellant to a new trial and the trial judge, within his own sound discretion, could dispose of the motions from his knowledge of the evidence. *Com v. Cancelliere & Cancelliere,* 99 Pa. Superior Ct. 193 (1930). And we have held that where part of the stenographic notes have been stolen, this in itself, without proof of prejudice to the defendant by their absence, is not sufficient reason for a new trial: *Com. v. Donato,* 87 Pa. Superior Ct. 285 (1926).

We agree with Judge GREEVY, the trial judge, who wrote the opinion for the court below, where he says:

"From the notes of the trial judge, made during the course of the trial and his recollection of the trial, it is clear that the verdict is not against the evidence, the law or the charge of the Court.

"The last reason filed by the Defendant as to why a new trial should be granted, is based on the fact that the court reporter was incapacitated and hospitalized before the notes were transcribed. We were informed by the Honorable WILLIAM H. McNAUGHER, President Judge of the Fifth Judicial District, that every effort to have the court reporter's notes transcribed by another reporter was unsuccessful.

" 'Court stenographers or reporters were unknown to the common law. Their appointment and duties are purely statutory and there is no constitutional requirement that a trial be stenographically reported'. Commonwealth ex rel. Turk v. Ashe, 167 Pa. Superior Ct. 323, 324-325.

"The failure to stenographically record a criminal proceeding does not constitute a violation of the due

494

process provision of the Federal or State constitutions and the failure to stenographically record a criminal proceeding is not of itself grounds for a new trial. The question before us is—after due diligence to procure a transcript has failed where it has been stenographically recorded, does this, by itself, create a valid reason why a new trial should be granted?

"Mere lack or absence of a transcript of the reporter's notes, or inability or impossibility of procuring such transcript does not confer the right to a new trial. A new trial will be granted where the notes of testimony have become unavailable only if the notes are essential. Loss of stenographic notes of testimony in a criminal case is not ground for a new trial where no harm resulted therefrom. (See Battle v. Manko, 175 Pa. Superior Ct. 221; Commonwealth v. Cancelliere & Cancelliere, 99 Pa. Superior Ct. 193).

"The notes in the instant case are not essential, the Defendant was not prejudiced on argument before us by the absence of the notes and no harm results therefrom. Justice does not require that the Defendant be accorded a new trial due to the fact that the notes of testimony have not been transcribed."

Judgment of sentences affirmed.