## Commonwealth *v.* Banks, Appellant.

Argued November 27, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*S. R. Zimmerman, III,* for appellant.

*Wilson Bucher,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 9, 1968:
Order affirmed.

————

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Not only does the majority's disposition of this appeal fly in the face of controlling United States Supreme Court cases, but in a matter of first impression for this Court it owes both the Bench and Bar, as well as appellant Banks, more than a cryptic "Per Curiam: Order affirmed." We are here confronted with a factual situation calling for a re-examination of the status of our cases dealing with untranscribed records in criminal cases in light of the principles enunciated in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963) and *Norvell v. Illinois,* 373 U.S. 420, 83 S. Ct. 1366 (1963).

Henry H. Banks was convicted after a 1948 trial by jury of murder in the first degree and sentenced to life. His first attempt at collateral relief was unsuccessful.[1] See *Commonwealth ex rel. Banks v. Myers*, 423 Pa. 124, 222 A. 2d 880 (1966). A petition under the Post Conviction Hearing Act was then filed, counsel appointed and a hearing held. At the conclusion of this hearing, the hearing judge determined that the mandate of *Douglas v. California*, supra, had been violated and accordingly granted appellant the right to file a motion for new trial nunc pro tunc.[2] These new trial motions were denied[3] primarily because no transcript of appellant's trial was available—the court stenographer was dead and the notes could not be transcribed. This appeal was then perfected.

The Commonwealth cites a plethora of cases to support the proposition that a new trial is not necessary merely because the trial transcript is unobtainable.[4]

---

[1] It cannot be contended that appellant's prior attempt to obtain post-conviction relief acts as a waiver of the claim presently pressed. He was without counsel at that time, a factor strongly mitigating against application of the waiver doctrine. See *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967). Furthermore, the trial court's grant of relief under *Douglas* is equivalent to a finding that appellant was denied assistance of counsel for purposes of appeal and that a direct appeal must now be allowed. To apply the waiver doctrine in these circumstances would be a classic case of putting the cart before the horse.

[2] The Commonwealth did not take an appeal from the grant of *Douglas* relief. However, although the propriety of that grant is not before us, a perusal of the post-conviction hearing record indicates that this decision was correct.

[3] The new trial motions stated the following reasons: "(1) The verdict was against the law; (2) The verdict was against the evidence; (3) The verdict was against the weight of the evidence; and (4) The verdict was against the charge of the Court." Clearly, these grounds for a new trial cannot be evaluated without the record.

[4] E.g., *Commonwealth v. Kimble*, 187 Pa. Superior Ct. 490, 144 A. 2d 598 (1958); *Commonwealth ex rel. McCurdy v. Burke*, 175

All of these cases were decided well before *Douglas* and *Norvell* and several of them, such as *Commonwealth ex rel. Turk v. Ashe,* 167 Pa. Superior Ct. 323, 74 A. 2d 656, cert. denied, 340 U.S. 907, 71 S. Ct. 274 (1950), are based upon the assumption that the fault for the now unobtainable transcript must be lodged with the prisoner. If fault must be assessed against a party in this litigation, then the Commonwealth must bear the blame. The Act of May 1, 1907, P. L. 135, §7, 17 P.S. §1809, in language which is unmistakable, makes it mandatory for the court stenographer in a capital case to transcribe and file the notes of testimony: "[I]n any case . . . of conviction of murder in the first degree, it *shall be the duty* of the official stenographer forthwith to make, certify, and file of record a typewritten copy of the stenographic notes of trial, *without any order of the court*; . . ." (Emphasis supplied.) Furthermore, it cannot be said that appellant himself should have taken steps to insure that the stenographer performed his statutory duty. The opinion of the court below cites not only *Douglas* but our own cases of *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966) and *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965) as well to support its decision to permit the filing of new trial motions nunc pro tunc. These citations can mean only that the lower court determined that appellant was unconstitutionally deprived of assistance of counsel for purposes of appeal. I find it inconceivable that any court would expect an unrepresented, indigent defendant to have the knowledge necessary to avail himself of a procedure to compel transcription of the notes of testimony when in the same breath it admits that he must have counsel to hurdle the intricacies of appeal.

---

Pa. Superior Ct. 482, 106 A. 2d 684 (1954) ; *Commonwealth v. Cancelliere & Cancelliere,* 99 Pa. Superior Ct. 193 (1930) ; *Commonwealth v. Donato,* 87 Pa. Superior Ct. 285 (1926).

The Supreme Court of the United States in *Norvell v. Illinois,* supra, was faced with a contention under *Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585 (1956) that unavailability of a trial transcript for purposes of collateral attack[5] worked a violation of due process and equal protection. Although the Court denied relief, its language leaves no doubt that the result would be different had Norvell combined his claim with an insistence that he had been denied the assistance of counsel for appeal. It has already been adjudicated that Banks has been denied such assistance for the court below granted relief under *Douglas.* The Supreme Court in *Norvell* unmistakably insisted: "The issue in the case is whether Illinois has made an 'invidious discrimination' against petitioner. Griffin v. Illinois, supra, . . . More precisely, the question is whether when a transcript cannot subsequently be obtained or reconstructed[6] *through no fault of the State,* may it constitutionally draw the line against indigents who had lawyers at their trial but after conviction did not pursue their remedy? . . . .

"*If it appeared that the lawyer who represented petitioner at the trial refused to represent him on the appeal and petitioner's indigency prevented him from retaining another, we would have a different case.* Cf. Douglas v. California, . . . Petitioner, who testified at the hearing on the motion, made no such claim. . . .

"[W]here transcripts are no longer available, *Illinois may rest on the presumption that he who had a*

---

[5] Norvell's appeal in the Illinois Supreme Court was obviously a collateral attack. See *People v. Norvell,* 25 Ill. 2d 169, 182 N.E. 2d 719 (1962).

[6] No purpose would here be served by remanding Banks' appeal to the trial court in an attempt to reconstruct his trial for the post-conviction hearing record indicates that none of the surviving parties involved in Banks' trial have any recollection sufficient for an adequate reconstruction.

*lawyer at the trial had one who could protect his rights on appeal."* (373 U.S. at 422-23, 424, 83 S. Ct. at 1368, 1369.) (Emphasis supplied.) Given the 1907 statute, *supra*, Banks' transcript was unobtainable through *fault of the state*. Furthermore, and more significantly, Pennsylvania in this case may *not* "rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal" for the simple reason that the grant of relief below based upon a finding of a *Douglas* violation is equivalent to a decision that Banks *did not have* the services of an attorney to protect his appellate rights. We are thus faced with the "different case" contemplated in *Norvell*. And with justice this case *should* be different. The grant of *Douglas* relief indicates that Banks was deprived of assistance of counsel for appeal; this is the identical deprivation which prevented Banks from taking any action to compel the stenographer to transcribe his notes. Under the Constitution, this Court may not with one breath tell an indigent defendant that because of his indigency he was denied assistance of counsel for purposes of appeal and in the same breath insist that it will deprive him of the very means necessary to effectuate his unconstitutionally denied right, i.e., a trial transcript.

Nor are we the first court to face this question. In *Pate v. Holman*, 341 F. 2d 764, modified on other grounds, 343 F. 2d 546 (5th Cir. 1965), Judge WISDOM was confronted with an identical issue.[7] Pate, a state prisoner, brought an action for federal habeas corpus. His trial transcript was unavailable because of the death of the stenographer. Pate alleged that he had been deprived of the assistance of counsel on appeal under *Douglas* and thus insisted that, given the

---

[7] Cf. *Bland v. Alabama*, 356 F. 2d 8 (5th Cir. 1965), cert. denied, 383 U.S. 947, 86 S. Ct. 1203 (1966).

language of *Norvell,* he was entitled to a new trial. The Fifth Circuit agreed. After noting that a hearing was necessary to determine whether *Douglas* had been violated, that court concluded that a finding of a *Douglas* denial (as was found in Banks' post-conviction hearing) would rebut the presumption that counsel was available to protect the indigent's appellate rights and that Pate's appeal "would be the 'different case' Norvell cryptically noted but pretermitted." Id. at 772. The *Pate* court then remanded the case to the district court with an order that, if a *Douglas* denial was found, petitioner was to be released or retried for, quoting from *Coffman v. Bomar,* 220 F. Supp. 343, 349 (M.D. Tenn. 1963), "the Court is of the opinion that the proper course to be taken by this Court is to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it." Id. at 777.

A remand in Banks' appeal is unnecessary for it has already been determined that Banks has been denied those rights constitutionally mandated in *Douglas.* The relief this Court must grant is therefore clear—release or a new trial at the option of the Commonwealth. To do less is to tell appellant that "this Commonwealth has denied you effective assistance of counsel for purposes of appeal yet, having failed to transcribe the notes of testimony, we will deny both you and your new counsel the means necessary to present your appeal."

I cannot countenance such a decision—one both profoundly illogical and inconsistent with the clear language of *Norvell*—and must respectfully dissent.

Mr. Justice EAGEN joins in this dissenting opinion.