## Commonwealth *v*. Anderson, Appellant.

Submitted June 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William J. Gallagher*, for appellant.

148

*William Butler, 4th,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:
Order affirmed.

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

In February 1967 appellant Charles E. Anderson was convicted by a jury of assault with intent to kill and violation of the Uniform Firearms Act. At trial, neither defense counsel nor the Commonwealth requested stenographic recording of the notes of testimony and no record of the trial exists. This appeal is to determine whether the failure of appellant's trial counsel to request that the testimony at appellant's trial be recorded amounts to ineffective representation.

In the court below, appellant presented a post-conviction petition in which he contended (1) he had been denied the right to appeal and (2) the failure of counsel to request notes was constitutionally ineffective assistance. The court held against appellant on the ineffective representation claim but granted the right to file post-trial motions nunc pro tunc after finding a denial of the right to appeal. Appellant contends that the court erred in not granting relief in the form of a new trial.

The right of a criminal defendant to have the trial proceedings stenographically reported is provided in the Act of May 5, 1911, P. L. 161, 17 P.S. §1802. The Commonwealth, in asserting that the failure to transcribe the testimony does not entitle appellant to a new trial, relies upon *Commonwealth ex rel. Turk v. Ashe,* 167 Pa. Superior Ct. 323, 74 A. 2d 656 (1950), which holds that under the Act of 1911 failure to re-

quest stenographic reporting constitutes a waiver of the statutory right.

This reliance is misplaced. A finding of "waiver" is merely a conclusion reached by application of the prevailing legal standards to the particular facts of the case at hand.* In the instant case, the record is barren of any suggestion that the appellant participated in the decision not to request notes. Accordingly, if the right is one requiring personal participation of the accused, no waiver exists. However, for the purpose of evaluating appellant's ineffectiveness claim it is assumed, arguendo, that the right may be waived through the independent action of trial counsel. Compare *Commonwealth v. Snyder, supra* (binding effect of counsel's failure to make contemporaneous objection) and *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967) (binding effect of counsel's decision not to challenge admission of confession) with *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968) (personal participation required in entry of guilty plea) and *Commonwealth v. Peake, supra* (personal participation required in waiver of direct

---

* In *Commonwealth ex rel. Turk v. Ashe, supra,* the finding of waiver was apparently reached without inquiry into the circumstances surrounding the failure to request recording. While the principle of *Turk* that the right may be waived is unchallenged, in determining the existence of a waiver in the instant case we are bound by the more rigorous standards of waiver which have developed since *Turk* was decided.

Waivers are generally categorized as "substantive" or "procedural." Compare *Gideon v. Wainwright,* 372 U.S. 335 (1963) with *Henry v. Mississippi,* 379 U.S. 443 (1965). A substantive waiver requires an "intentional relinquishment of a known right," *Commonwealth v. Peake,* 210 Pa. Superior Ct. 133, 231 A. 2d 908 (1967), whereas a procedural waiver demands a "deliberate bypass of state procedure available to litigate an asserted denial of the right." *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967).

appeal). Given this assumption, appellant cannot be held to have waived his right to have testimony recorded if counsel's failure to request it is constitutionally ineffective representation.

In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967), the landmark Pennsylvania decision on ineffective assistance of counsel, the appellant contended, inter alia, that he was denied effective assistance because of his counsel's failure to object to the admission into evidence of an allegedly coerced confession. The Court, having found no reasonable basis for failure to object, deemed the assistance constitutionally ineffective and awarded a new trial.

Significantly, in both *Commonwealth v. Garrett, supra,* and *Commonwealth v. Baity,* 428 Pa. 306, 237 A. 2d 172 (1968), the Court held that a decision made by counsel without the participation of his client not to litigate the admissibility of a confession constituted a waiver barring further litigation of the issue binding on the client.

Given *Garrett* and *Baity,* the grant of a new trial in *Washington* implicitly rests upon the view that when counsel's failure to assert a right amounts to constitutionally ineffective representation, the client is not bound by what, in the absence of ineffective representation, would be a waiver. *Accord, Commonwealth ex rel. McKenna v. Cavell,* 423 Pa. 387, 224 A. 2d 616 (1966).

Thus, the existence of the waiver asserted by the Commonwealth rests upon whether appellant was given constitutionally effective representation. The standard for this determination is enunciated in *Commonwealth ex rel. Washington v. Maroney, supra*: "[C]ounsel's assistance is deemed constitutionally effective once [the Court] is able to conclude that the particular course

chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Id.*, at 604 (emphasis original.)

Notes of testimony are essential for post-trial or appellate review. Without a record, no reviewing court can determine whether trial errors were committed or whether the evidence supported the verdict. Consequently, as it effectively forecloses all future review, failure to request stenographic recording of trial proceedings is tantamount to a decision *before trial* that no appeal will be taken. No reasonable basis for trial counsel's action has been advanced here by the Commonwealth nor is any conceivable. I conclude that appellant was deprived of constitutionally effective assistance of counsel.

Inasmuch as constitutionally ineffective representation has totally negated the possibility of the post-trial and appellate review to which appellant is entitled, the appropriate relief is the maximum relief available on appeal, a new trial.

*Commonwealth v. Banks,* 428 Pa. 571, 237 A. 2d 339 (1968), does not require an alternative conclusion. In *Banks,* the appellant was convicted by a jury of first degree murder in 1948. The trial was stenographically recorded, but not transcribed. Nearly twenty years later, appellant was found to have been denied the right to appeal. In the intervening years the stenographer had died and consequently it was impossible to transcribe the trial notes. The Supreme Court, in a per curiam order, affirmed the holding of the lower court that appellant was not entitled to a new trial.

As no opinion was filed, the Court's reasoning in *Banks* is not available. However, the most reasonable interpretation of the decision is that on the peculiar facts of the case, the absence of notes of testimony was the fortuitous result of circumstances beyond the control of the parties rather than the product of denial of

a constitutional right. Thus construed, *Banks* is readily distinguishable, as it appears that in the instant case the failure to record the testimony was the direct result of constitutionally ineffective assistance.

The Commonwealth also contends that relief in the form of a new trial is unwarranted because this result would encourage criminal defendants to proceed to trial without requesting notes in hopes of obtaining a new trial if convicted. This suggestion is specious. Any deliberate failure to request reporting for this purpose is a waiver of the right barring the grant of a new trial. Moreover, the Commonwealth can readily protect against a claim of this nature by itself requesting stenographic reporting if the defense fails to do so.

I would grant a new trial.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.