## Bodnor v. Commonwealth

*W. Allen Dill,* for Commonwealth.

ACKER, J., October 21, 1969.—The matter for determination arises from a petition for a rule to show cause why the condemnees' motion for a new trial should not be stricken and the Commonwealth permitted to pay the sum of $2,000, representing the jury verdict entered in this case. The rule was made returnable to July 28, 1969. At that time the condemnees appeared and informed the court that they did not have counsel; that they had engaged an attorney to represent them in the trial and that subsequently he had refused to proceed on their behalf unless they paid the expenses which had been incurred in the trial of the case. They stated they were dissatisfied with the verdict as being inadequate, but they admitted they had taken no affirmative action from that

time, being nearly 10 years, to bring the matter to a conclusion. They declared a desire to represent themselves at all further proceedings, including argument upon the motion for a new trial.

The history of the action is that on February 2, 1959, the court appointed a board of view to determine the proper damages sustained by the condemnees. That board met and made its findings on March 17, 1959. Its award was in the amount of $1,200. As in most condemnation cases, there was a conflict as to the values of the property, with an expert for the Commonwealth testifying that the loss was in the amount of $635 and the condemnee, himself, testifying that his loss was $5,000. The condemnees appealed the decision of the viewers.

The matter came to trial in October of 1959 with a verdict rendered on October 9th in the amount of $2,000. On October 14, 1959, a motion for new trial was filed, claiming the verdict to be against the law, the evidence, the weight of the evidence, the charge of the court and to be inadequate. Counsel reserved the right to file additional reasons within 10 days after the testimony had been transcribed. On October 19, 1959, the court, through Herman M. Rodgers, P. J., denied the condemnees' motion which requested the court to order the testimony transcribed. The parties were directed by the order to place the case on the argument list for November 1959, "at which time the issue will be determined." A search of the records in the office of the prothonotary shows that no further effort was ever made to place the matter upon the argument list for disposal and that the matter was not argued and no further orders were ever entered for disposition of the case.

Even though it was 10 years from the date of the motion, this court at the conclusion of the hearing concerning the petition for rule to show cause held

on July 28, 1969, was prepared to have the testimony transcribed at the expense of the county and to have argument upon the merits of the condemnees' motion. However, the court reporter who took the testimony had long since left the employ of the County of Mercer, had married and it was eventually learned was living at Painted Post, N. Y. The court wrote to that reporter, Mrs. Laurel Bruce, and received a return response: "Judge Rodgers instructed me to keep records for seven years (as was done in Federal court) and I followed his instructions." Therefore, the record can never be transcribed. Upon these facts, this matter must be determined.

MAY CONDEMNEES WHO HAVE WAITED 10 YEARS AFTER FILING A MOTION FOR NEW TRIAL AND THE NOTES OF TESTIMONY HAVE BEEN DESTROYED SECURE A NEW TRIAL?

As previously noted on October 19, 1959, the court, through Herman M. Rodgers, P. J., denied the condemnee's motion to have the record transcribed and directed the parties to place the case on the argument list for November 1959, "at which time the issue will be determined." The records of the prothonotary show that the case was not listed for the argument list for November of 1959 nor at any other time.

The right to receive a copy of a record is controlled by the Act of May 11, 1911, P. L. 279, sec. 3, 12 PS §1198, and it provides that the court stenographer shall transcribe the notes of evidence taken upon the trial of any case in three situations: (a) When directed by the court so to do; (b) when an appeal has been taken to the Supreme or Superior Court; or (c) when he shall be paid for a copy thereof by a person requesting him to transcribe it. From the statement made by the condemnees at the time of the hearing upon the rule, it appears that they refused to pay any moneys to their attorney for costs incurred or to be

incurred. Although the order of Judge Rodgers is not clear, it would appear that he was prepared to have the merits of the case heard without the transcribing of the record at the next argument court in November of 1959. Therefore, being unwilling to pay for a copy of the record at that time, the parties cannot complain that the matter was listed for argument without the record being transcribed. Thereafter, they failed to take any affirmative action.

It is clear that a party may abandon a motion for new trial by inaction. In Ward, Hough & Bailey v. Patterson, 46 Pa. 372 (1863), a new trial was granted on motion of the plaintiff "upon condition that plaintiff pay the costs of the term, the docket costs, defendant's bill to be taxed by the prothonotary, and that plaintiff, within reasonable time, file of record in this case a specification of the amount or just balance of the claim alleged to be due from defendants." The costs were not paid for nearly eight years. In reversing the judgment, the Supreme Court directed that judgment be entered on behalf of defendants saying, page 375: "We consider all this delay unreasonable. The inaction of the plaintiff imported rather an intention to abandon his new trial than to prosecute it. . ." This action involved a mechanic's lien. The language there used is most applicable to the instant case, page 375: "It would be an intolerable practice to let a lien lie so long, apparently dead and abandoned, and then after witnesses, books and papers were scattered, to start it into new life, and enforce it against parties who could not be expected to retain the means of defense."

It is clear that merely because stenographic notes are not available a new trial is not warranted: Commonwealth v. Donato, 87 Pa. Superior Ct. 285 (1926).

In Sheffield v. Vasiloff, 101 Pa. Superior Ct. 483 (1931), plaintiff sued in assumpsit. After seven con-

tinuances, it came to trial on November 14, 1928, resulting in a verdict of $559.33. Shortly thereafter, three of the five defendants filed a motion for new trial and requested permission to file additional reasons after the testimony had been transcribed and filed. The case lay dormant for five and one-half years when it appeared on the argument list and was continued from two argument courts. Several years later it again was on the argument list, but was continued. Finally, in April of 1928, the matter came to argument and defendants informed the court that they were unprepared to argue the motion because the testimony had not been transcribed and they requested the court to continue the case. It was then called for argument in March of 1930. Counsel for defendants asked for new trial on the sole ground that notes of testimony had not been transcribed. Several months later the court did grant a new trial. The appellate court held that this was an abuse of discretion in that defendants had abandoned their motion for new trial. An abandonment was likewise held in Rozelle v. Lewis, 9 Lack. Jur. 22 (1907).

If it had been possible to secure the record in this case, in the interest of justice, because of the possibility that the condemnees misunderstood their right to proceed with this case, the matter would have been heard upon its merits. That, of course, is impossible. The Commonwealth cannot be declared to be responsible for the present circumstances. To grant a new trial simply because a record is not available would be an injustice to it.

Wherefore, the rule to show cause why the motion for new trial should not be stricken for failure to prosecute the motion for a period of almost 10 years is made absolute. The Commonwealth is permitted by this order to pay the sum of $2,000 to the Prothonotary of Mercer County to be held for the condemnees

and to be paid to the condemnees upon proper application by them.

### ORDER

And now, October 21, 1969, it is hereby ordered that the condemnor's rule to show cause why the condemnees' motion for new trial should not be stricken is made absolute. The condemnor is hereby granted permission to pay to the Prothonotary of Mercer County the sum of $2,000 for the condemnees in payment of the verdict previously rendered in this case. The Prothonotary of Mercer County is directed to pay that sum of $2,000 to the condemnees upon proper application by them as payment of this verdict and upon satisfaction of the record.