Commonwealth of Pennsylvania, Appellant, *v.*
Vancel.

Argued March 10, 1930. Be-
fore Trexler, P. P., Keller, Linn, Gawthrop, Cun-
ningham, Baldrige and Graff, JJ.

*W. M. Ruddock,* Assistant District Attorney, and with him *L. E. Miller,* District Attorney, for appellant, cited: Commonwealth v. Holgate, 63 Pa. Superior Ct. 246; Commonwealth v. Swartz, 82 Pa. Superior Ct. 369.

No appearance and no printed brief for appellee.

OPINION BY GRAFF, J., May 6, 1930:

The defendant was charged in the indictment in this case with violation of the Act of 1923, P. L. 34, in three counts. The first count charges unlawful selling intoxicating liquor upon September 14, 1929; the second count charges unlawfully possessing intoxicating liquor upon September 14, 1929; and the third count charges unlawfully possessing intoxicating liquor on September 16, 1929. The court below quashed the indictment upon motion of the defendant, for the reason that there was no competent evidence before the grand jury upon which to base the finding of a true bill upon the first and second counts and further excluded all evidence upon the third count for the reason that such evidence was incompetent. From this order the Commonwealth has taken this appeal.

While it is true that an indictment may be quashed for cause not apparent upon the face of the record; Commonwealth v. Carlucci, 48 Pa. Superior Ct. 72; Commonwealth v. Ross, 58 Pa. Superior Ct. 412; it is equally well settled that a defendant may not call and examine witnesses who testified before the grand jury, to prove that their testimony before that body was in-

sufficient to warrant the return of a true bill. Judge
GAWTHROP in Commonwealth v. Morris et al., 91 Pa.
Superior Ct. 571, on page 574 states as follows: "But
none of the cases decide or even indicate that a de-
fendant may call and examine the witnesses who testi-
fied before the grand jury, to prove that their testi-
mony before that body was insufficient to warrant the
return of a true bill. Such a practice would amount
to an appeal from the finding of that grand jury to
the court. It would introduce a practice in the crimi-
nal law which would be not only novel, but revolu-
tionary. It is generally held that an indictment will
not be quashed on the ground of insufficiency of the
evidence, where some witnesses were examined by the
grand jury: 31 C. J. 808." The difficulty with the
Commonwealth's case upon the first and second counts
is that it was admitted that the person who it is al-
leged purchased liquor from the defendant upon Sep-
tember 14, 1929, and the only witness who could testify
relative to such facts was not called before the grand
jury. It therefore appears by admission that there
was no evidence introduced before the grand jury to
sustain a true bill upon the first and second counts.
Under such circumstances the court below committed
no error in quashing the indictment with respect to
these counts.

Subsequent to the alleged purchase of intoxicating
liquor from the defendant, upon September 14, 1929,
the purchaser made an affidavit, upon which a search
warrant was issued. The officers searched the prem-
ises upon September 16, 1929, under and by virtue of
the search warrant issued, and found a quantity of in-
toxicating liquor. When the motion to quash the in-
dictment was presented, the court below considered
that this evidence was incompetent to prove possession
of intoxicating liquor as alleged in the third count of
the indictment. Section 8 of the Act of 1923, P. L. 34,
provides what must be shown by affidavit to cause a

search warrant to be issued. The affiant must allege that "there is a probable cause to believe, and that he has just and reasonable grounds for believing, and does believe" certain facts to exist. There is a proviso in said section that no search warrant shall issue to search a private dwelling occupied as such "unless it is being used for the unlawful sale of intoxicating liquor." The court concluded that no search warrant can be legally issued to search a private dwelling solely upon an affidavit that the affiant believes that it is being used for the unlawful sale of intoxicating liquor. It concluded that the existing fact that a private dwelling is being used "for the unlawful sale of intoxicating liquor" cannot be established by an ex parte affidavit, and whilst an affidavit of a sale has sufficient temporary effect to sustain the issuance of a search warrant, it is incumbent on the Commonwealth to show on the trial its right to the search warrant, by proving by competent evidence the existence of the prerequisite condition set out in the Act of Assembly, viz., that the premises were being used for the unlawful sale of intoxicating liquor. The person who made such affidavit in this case could not be found, and therefore was not present to testify upon the trial of the case. However, the officers who made the search upon September 16th were present and ready to introduce evidence relative to unlawful possession by the defendant, upon September 16, 1929. The court below erred in concluding that the search warrant issued was illegal because of the failure to call the person who made the affidavit. Section 8 of the Act of 1923 regulating the issuance of search warrants was complied with and undoubtedly when issued such search warrant met the requirements of the law. The fact that the affiant was not called upon the trial of the case could not affect its legality. Irrespective of the legality of the search warrant, it has been repeatedly held by this court that the evidence was ad-

missible. "Considering that the packages were taken from the store and residence of the defendants without authority, the admissibility of the evidence is not affected by the illegality of the means through which it was obtained. The court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence, otherwise competent, was obtained." Commonwealth v. Vigliotti, 75 Pa. Superior Ct. 366, 378. Evidence that a crime has been committed may be given on trial of the case, irrespective of the illegality of the search warrant under which it was discovered: Commonwealth v. Holgate, 63 Pa. Superior Ct. 246; Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369; Commonwealth v. Scanlon, 84 Pa. Superior Ct. 569. The court below was in error in quashing the third count of the indictment and in excluding the evidence offered by the Commonwealth in support thereof.

The order of the court below in quashing the third count of the indictment is reversed with a procedendo.