Opinion by
 

 Rhodes, P. J.,
 

 This is an appeal by Henry Sliva from a judgment of sentence of the Court of Oyer and Terminer of Bucks County on an indictment containing four counts of- robbery and armed robbery. At the time of trial defendant was incarcerated in the State Correctional Institution at Philadelphia undergoing a sentence of thirty years to sixty years imposed in Montgomery County. Defendant was tried before a jury, and, after refusing appointment of counsel, acted as his own counsel. At the conclusion of the Commonwealth’s case, Judge Edwin H. Satterthwaite sustained a demurrer to one of the counts. The jury returned a verdict of guilty on the remaining counts, and defendant was sentenced to a term of not less than two and a half years nor more than five years to run concurrently with his present sentence.
 

 The home of Mr. and Mrs. Bernie Ray Butler was burglarized about 3:30 a.m. on April 15, 1958. The burglar entered on the ground floor by prying open a screen and raising a window. He made his way to the second floor and awakened Mrs. Butler. Her first observation was a man standing at the foot of her
 
 bed
 
 
 *457
 
 with a flashlight in his hand. The intruder stated he was a burglar and told Mrs. Butler to keep quiet. She turned on a nearby light and was told by the intruder to turn it off. She then awakened her husband. Before turning off the light, however, Mrs. Butler observed the intruder. She gave a detailed description of the man and his clothing, and said that he had a “dirty pink” handkerchief tied over the lower part of his face. She described his voice as being raspy. She saw that the hand holding a pistol had a tremor resembling a “slight palsy condition.” Mrs. Butler’s description of the intruder was corroborated by the testimony of Mr. Butler in many respects, including the trembling hand and the voice. The Butlers also observed the intruder’s silhouette in the moonlight and his manner of walking about the room. They saw him remove the contents of a purse or wallet. The intruder promised not to disturb their young son who was sleeping in an adjoining bedroom. The intruder took Mr. Butler’s watch and $200 in currency. He also took another watch and about $65 from Mrs. Butler’s handbag.
 

 On November 14, 1958, Mrs. Butler identified defendant in a police line-up in Ardmore, where seven men first appeared without masks, and then, in a different order, they appeared with handkerchief masks. Subsequently, on November 19, 1958, Mr. Butler confronted defendant at the same police station, conversed with him, and also positively identified him as the intruder. Defendant did not take the stand, but, in acting as his own counsel, gave the jury full opportunity to observe his physical features and hear his voice.
 

 On this appeal defendant contends (1) that he was denied his right to a speedy trial; (2) that the trial judge acted as an advocate, thereby denying the accused the equal protection of the law; (3) that the court below erred in refusing to call witnesses to show
 
 *458
 
 that the trial record was not a correct copy of the trial proceedings; (4) that the court allowed hearsay evidence to enter the trial; and (5) that his right against self-incrimination was violated when he was forced to stand in a line-up.
 

 Defendant was not denied a speedy trial.
 

 The Act of June 28, 1957, P. L. 428, §1, 19 PS §881, states in part: “(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of' the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to. be delivered to the District Attorney of the County' in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: . . .”
 

 . The information was signed on November 26, 1958, the preliminary hearing was held on January 22, 1959, and the grand jury returned a true bill on March 10, 1959. During this period defendant was, and still is, incarcerated in the State Correctional Institution at Philadelphia. On October 8, 1962, defendant made an application for disposition of the indictment. Subsequently, the case was listed for trial on November 26, 1962, but was continued to December 17, 1962, at defendant’s request.
 

 We find no merit in defendant’s contention. .Upon request for a disposition of the indictment, he was given a prompt trial.
 

 The trial judge did not act as an advocate to deny defendant the equal protection of the law. Our review of the record indicates that the trial judge made every effort to protect the defendant’s rights and to
 
 *459
 
 afford him every consideration, including the sustaining of objections on the court’s own motion, permitting defendant to recall the witnesses that he had previously cross-examined, and instructing defendant, in the absence of the jury, as to his rights throughout the trial.
 

 We find no merit in defendant’s contention that the record was not a correct copy of the trial proceedings, and that the court erred in refusing to call witnesses to correct the errors. Defendant argues that the date of November 14, 1958, contained in the record as the date when Mrs. Butler attended the two line-ups and the date on which Detective Brotschul took photographs of the line-ups, was not the date testified to by Brotschul. He clearly testified that the occurrence referred to took place on November 14, 1958. This testimony was corroborated by the testimony of two other officers. Moreover, Mrs. Butler’s testimony as to her identification of defendant in the line-ups was not dependent upon the fact that the photographs were taken at the same time.
 

 Defendant’s two final objections relate to the allowance of hearsay testimony at the trial and his right against self-incrimination. We note that these issues were not raised in the court below in defendant’s “assignment of errors.” Matters not raised by proper post-conviction motions or considered in the court below cannot be invoked on appeal in this Commonwealth even though they involve constitutional questions.
 
 Com. v. Clark,
 
 198 Pa. Superior Ct. 64, 67, 181 A. 2d 859. We shall, however, discuss these objections on their merits.
 

 We have reviewed the alleged hearsay testimony to which defendant objects, and find that it in no way prejudiced the defendant.
 
 [1]
 

 
 *460
 
 ' Defendant contends that his right against self-incrimination was violated when he was forced to stand -in a line-up and speak sentences dictated to him by the police.
 

 Defendant was not denied a constitutional right because the privilege of self-incrimination does not allow a defendant to refuse a witness the opportunity of seeing him and hearing his voice for the purpose of identification.
 
 Com. v.
 
 Statti, 166 Pa. Superior Ct. 577, 583, 73 A. 2d 688;
 
 Com. v. Derembeis,
 
 120 Pa. Superior Ct. 158, 166, 182 A. 85;
 
 Com. v. Bolish,
 
 138 Pa. Superior Ct. 598, 601, 10 A. 2d 785.
 

 The evidence and the record sustain the conviction of defendant. We find no reversible error by the court below.
 

 Judgment of sentence is affirmed.
 

 [1]
 

 The question was as follows:
 

 “Q. Why was it that you didn’t take a written statement from Mr. Sliva?
 
 *460
 
 “A. I had previous information from officers who had been in his company that Mr. Sliva would never admit to anything, and the information I had was from reliable policemen.
 

 “The Court: Now, wait. You are getting off on other sources, and I am sorry I asked that question. Mr. Clark, we are not going to get into other matters.”