## Commonwealth ex rel. Banks, Appellant, *v.* Myers.

Submitted April 19, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry H. Banks,* appellant, in propria persona.

*Wilson Bucher,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

This is an appeal from the denial, without hearing, of a habeas corpus petition. By a complaint dated February 9, 1948, appellant was charged with having com-

mitted murder on February 7, 1948.[1] Counsel were appointed for appellant on February 11, 1948. A preliminary hearing was held on February 18, 1948. On March 8, 1948, an indictment was returned against appellant, he was arraigned, pleaded not guilty, and proceeded to trial by jury. Appellant was represented by counsel both at arraignment and at trial. On March 9, 1948, the jury found appellant guilty of murder in the first degree and he was sentenced to a term of life imprisonment. Neither post-trial motions nor an appeal were filed on appellant's behalf.

In the habeas petition appellant presented to the court below there are several claims which require only cursory treatment. Appellant's contention that he was arrested without a warrant and without probable cause does not of itself afford him any ground for post-conviction relief. E.g., *Commonwealth ex rel. Light v. Maroney*, 413 Pa. 254, 257, 196 A. 2d 659, 661 (1964). Appellant's claim that he requested and was denied counsel during his initial incarceration in 1948 does not without more entitle him to any remedy at this time. *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 13, 198 A. 2d 565, 566 (1964); *Commonwealth ex rel. Wilkes v. Maroney*, 423 Pa. 113, 124, 222 A. 2d 856, 862 (1966); *Johnson v. New Jersey*, 384 U. S. 719, 723, 86 S. Ct. 1772, 1775 (1966). The possibility that appellant was not represented by counsel during a preliminary hearing, at which he admittedly pleaded not guilty and about which he makes no other allegation, fails to suggest that the hearing was such a "critical stage" that representation by counsel was con-

---

[1] Since the notes of testimony in this case were never transcribed and are now unavailable due to the death of the court stenographer, the record does not show the day on which appellant was arrested and placed in custody. Appellant, both in his petition in the court below and in his appeal here, states that he was arrested and placed in custody on February 7, 1948.

stitutionally necessary. See, e.g., *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa. 419, 420, 218 A. 2d 242, 243 (1966). Finally, in light of the above discussion, appellant's argument that his indictment was invalidated by the alleged illegality of his arrest, preliminary hearing and the lack of counsel before trial is clearly groundless.

Also presented to the court below in appellant's petition is the assertion that his conviction must be invalidated because he "was available, but was not notified or informed when the Indictment was presented to the Grand Jury for deliberation."[2] While it is true that the common law of Pennsylvania appears to entitle an accused to notice that his case is being presented to a grand jury,[3] we know of no reported case in this Commonwealth in which an accused was permitted to assert a failure to give notice to him of the presentation of his case to the grand jury after he had gone to trial. Nor does there seem to be any reason,

---

[2] Appellant suggests no reason why the failure to give him notice that his case was being presented to the grand jury prejudiced him. Nor does the record suggest any such prejudice.

[3] *Commonwealth v. Howard*, 51 Dauph. 3 (Quarter Sessions, Dauphin County, Pa. 1941); *Commonwealth v. Solomon*, 24 Luzerne L.R. 287 (Quarter Sessions, Luzerne County, Pa. 1926); *Commonwealth v. Brown*, 12 Pa. Dist. 316 (Quarter Sessions, Philadelphia County 1903); but cf. *Commonwealth v. Sliva*, 13 Bucks L.R. 234, 242 (Ct. of Oyer and Terminer, Bucks County, Pa. 1963), aff'd on other grounds, 202 Pa. Superior Ct. 455, 198 A. 2d 354, rev'd on other grounds, 415 Pa. 537, 204 A. 2d 455 (1964).

In all these cases it is assumed that merely by virtue of the order of the committing magistrate binding the defendant over to a specified term of court the defendant has been put on notice that his case will be presented to the grand jury at that term. It is only when the defendant's case is presented to a grand jury sitting at a term subsequent to the one for which he was bound over that any affirmative action has been required of the prosecuting authorities in order to put him on notice of presentment.

absent extraordinary circumstances[4] not suggested by the record or by appellant's petition, why such an objection should not be asserted before the accused goes to trial in a case where counsel were appointed for defendant four days after his arrest and twenty-five days before the return of a true bill by the grand jury.[5] The orderly administration of criminal justice requires that the resources expended in trials not be wasted by the post trial assertion of claims which normally come to the attention of the defense before trial commences. By statute in Pennsylvania formal defects apparent on the face of an indictment must be asserted before the jury is sworn[6] and while this statute does not control appellant's claim, we think the policy considerations inherent in it are applicable. Indictments containing defects not formal or not apparent on the face of the document have been traditionally attacked by motion made before trial, e.g., *Commonwealth v. Bradney,* 126 Pa. 199, 204, 17 Atl. 600, 601 (1889) ; *Commonwealth v. Vancel,* 99 Pa. Superior Ct. 40 (1930) ; *Commonwealth v. Ross,* 58 Pa. Superior Ct. 412, 417 (1914) ; *Commonwealth v. Carlucci,* 48 Pa. Superior Ct. 72 (1911) ; *Commonwealth v. Bolger,* 42 Pa. Superior Ct. 115, 119-20 (1910), aff'd per curiam on the opinion of the court below, 229 Pa. 597, 79 Atl. 113 (1911), and we see no reason, absent extraordinary circumstances, why trial counsel should not be held to such a practice.

The papers filed by appellant with this Court raise for the first time several claims not raised in the petition in the court below. We need not consider for the first time on appeal of the denial of a habeas corpus

---

[4] See *Cobb v. Balkcom,* 339 F. 2d 95 (5th Cir. 1964) ; cf. *Reece v. Georgia,* 350 U. S. 85, 76 S. Ct. 167 (1955).

[5] Constitutional sanction for this conclusion appears to be implicit in *Michel v. Louisiana,* 350 U. S. 91, 76 S. Ct. 158 (1955).

[6] Act of March 31, 1860, P. L. 427, §11, 19 P.S. §431.

hearing an issue not presented to the court below. *Commonwealth ex rel. Pacewicz v. Turley,* 399 Pa. 458, 466, 160 A. 2d 685, 689 (1960) ; *Commonwealth ex rel. Wilkes v. Maroney,* 423 Pa. 113, 124, 222 A. 2d 856, 862 (1966) (alternative holding). Accordingly, we hold the petition below was properly dismissed without a hearing.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.