Commonwealth *v.* Myers, Appellant.

Argued April 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Lawrence R. Watson, II,* with him *Nix, Randolph & Watson,* for appellant.

*Mark Sendrow,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1970:

Clifford Myers was convicted by a jury of murder in the second degree. Post-trial motions were denied, and a prison sentence of 7 to 16 years was imposed. This appeal then followed. We affirm.

The sufficiency of the evidence to sustain the conviction is not disputed, but we have studied the record and are completely satisfied that it amply supports the jury's verdict.

The Commonwealth's evidence established the following facts:

On the night of August 4, 1967, Myers became engaged in an altercation with James Jordan, another patron in Al's Bar in Philadelphia, during which he hit Jordan over the head with a revolver; a gunshot was fired but no one was injured; about 7 to 10 min-

utes later, Myers and Charles Amey, a bartender in the establishment, were observed standing within a couple of feet of each other on the sidewalk in front of the bar having an argument; Amey was urging Myers to "take it easy and go ahead home"; a gunshot was then heard and Amey fell to the pavement; Myers and another individual drove Amey to a hospital where he died from a gunshot wound of the chest; some gunpowder residue was found around a hole under the left armpit in the front portion of a shirt he was wearing; the police were called and upon arriving at the hospital, they searched the automobile and found bloodstains on the rear seat and a .38 caliber detective special revolver on the floor in the rear; the revolver contained three live cartridges and two spent cartridges, and it was registered in Myers' name; shortly after Amey was shot, a spent cartridge was found in front of Al's Bar and tests established that it had been fired from the revolver found in the automobile.

The defendant did not offer any testimony at trial. While no one testified at trial to seeing Myers shoot Amey, the evidence was sufficient to warrant such a finding beyond a reasonable doubt.

The commission of a crime and the accused's connection therewith may be established by circumstantial evidence if the facts and circumstances are of such a character as to establish the guilt beyond a reasonable doubt: *Commonwealth v. Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970). And in determining the sufficiency of the evidence, be it direct or circumstantial, the test is whether accepting as true all of the evidence and all reasonable inferences arising therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted: *Commonwealth v. Com-*

*mander,* 436 Pa. 532, 260 A. 2d 773 (1970). The evidence in this case meets this test. Moreover, " 'when a responsible person, without authority and under such circumstances as indicate deliberation without apparent provocation or necessity, wounds another in a vital part with a deadly weapon, then malice is to be inferred' ":[1] *Commonwealth v. Green,* 294 Pa. 573, 581, 144 A. 743, 746 (1929). See also, *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108 (1970), and *Commonwealth v. Drum,* 58 Pa. 9 (1868).

Appellant argues that the trial court erred in admitting into evidence the testimony concerning the altercation between himself and Jordan, which occurred inside the bar only minutes before the fatal shooting of Amey. We agree with the court below that this particular testimony was relevant to show that Myers was in possession of a gun at the time Amey was shot and, under the circumstances, had probative value.

The rules of evidence are based on reason and common sense. If evidence tends to establish some fact material to the case or tends to make the fact at issue more or less probable, it is relevant. See 1 Henry, Pennsylvania Evidence §2 (4th ed. 1953), and McCormick, Evidence §152 (1954).

Finally, appellant argues that the trial judge erred during his charge to the jury in stating that if Myers were acquitted of the crimes included in the indictment for which he was then on trial, he could still be subsequently charged with involuntary manslaughter. We need not reach the merits of this contention. A study of the record first discloses that no specific exception to the challenged instruction was made of record. But more importantly, this alleged assignment of error was not raised in the motion for a new trial or at any time

---

[1] Malice is an essential ingredient of murder: *Commonwealth v. Commander,* supra.

post trial in the court below. Under such circumstances, this question may not be raised now: *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968) ; *Commonwealth ex rel. Kress v. Rundle,* 425 Pa. 142, 228 A. 2d 772 (1967) ; *Commonwealth ex rel. Banks v. Myers,* 423 Pa. 124, 222 A. 2d 880 (1966).

Judgment affirmed.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

In *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968), a majority of this Court held that an unobjected to error in the judge's charge was "basic and fundamental error," and hence could still be raised on appeal. In the instant case, the majority refuses to consider an unobjected to error in the charge, an error which, to me, was at least as damaging as the error in *Williams.* Thus the majority demonstrates, once again, that it cannot apply its own "test" with any degree of uniformity. See *Commonwealth v. Scoleri,* 432 Pa. 571, 582-83, 248 A. 2d 295, 300-301 (1968) (concurring opinion) ; *Commonwealth v. Williams,* 432 Pa. at 569-71, 248 A. 2d at 307-308 (dissenting opinion). It being my view that the unobjected to error in the instant case cannot now be raised, see *Commonwealth v. Simon,* 432 Pa. 386, 248 A. 2d 289 (1968), I concur in the majority's decision to affirm the judgment of sentence.