Commonwealth *v.* Bittner, Appellant.

Argued October 7, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Alan Frank,* for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert L. Campbell,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 7, 1971:
On June 10, 1966, while being moved within the Pittsburgh Public Safety Building, appellant Edward Bittner shot and killed Officer Gaetano of the Pittsburgh Police Department with the officer's gun. Appellant was indicted for murder and voluntary manslaughter by a grand jury in September, 1966. Eighteen months later, on March 11, 1968, appellant's case was listed for trial. Prior to trial, appellant's counsel filed numerous pretrial applications for relief including an application to quash the indictment for failure to af-

ford him a speedy trial and a challenge of the array of jurors.

The speedy trial application was denied by the trial judge after oral argument. The challenge to the array of jurors was denied by the trial judge after an evidentiary hearing and oral argument thereon.

Immediately thereafter the matter proceeded to trial. Appellant was convicted of murder in the first degree and this appeal followed the denial of post-trial motions and formal sentencing to life imprisonment.

Appellant presents three arguments. He first repeats his allegations that he was denied a speedy trial and that he was denied an impartially selected jury. In arguing that he was denied a speedy trial, appellant emphasizes the twenty-one month delay between his arrest and trial and contends that all of this delay was the fault of the Commonwealth. We do not agree with appellant's view of the facts. We believe that much of the delay between his arrest and trial was of his own making.

On June 22, 1966, following an unsuccessful attempt to postpone the Coroner's inquest, appellant filed a petition for writ of habeas corpus. On August 12, 1966, a hearing was held and the petition was denied by order dated October 6, 1966. An appeal was taken to this Court and was quashed by per curiam order on November 28, 1967, on the grounds that an appeal was premature. *Com. ex rel. Bittner v. Price,* 428 Pa. 5, 235 A. 2d 357 (1967). The record was remanded to the court below on December 11, 1967.

On August 19, 1966, appellant attempted an unsuccessful prison break and was subsequently hospitalized for several weeks to recuperate from injuries sustained in the attempted break.

On September 9, 1966, appellant filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania. By

order dated September 13, 1966, the petition was dismissed for failure to exhaust state remedies.

On October 20, 1966, appellant filed an application for change of venue which was pending before the court but was subsequently withdrawn without prejudice on November 2, 1967.

On January 12, 1968, appellant filed another petition for writ of habeas corpus in the United States District Court, which was denied on January 16, 1968.

On January 12, 1968, appellant filed an application to set bail. A hearing was held on February 8, 1968. By order dated February 20, 1968, the application was denied.

On January 31, 1968, appellant filed an application for pretrial discovery and inspection. After argument, by order dated February 16, 1968, appellant was permitted to examine various items of evidence. On January 31, 1968, appellant filed an application for medical examination which was withdrawn on February 16, 1968. On February 16, 1968, appellant filed an application to produce jury lists which was dismissed on the same day.

On February 16, 1968, appellant filed an application to suppress evidence. A hearing on the application was held February 23, 1968, and it was denied by order dated March 5, 1968. An application for rehearing on the application to suppress was filed March 8, 1968. By order dated March 11, 1968, the application for rehearing was denied after hearing.

On February 26, 1968, appellant filed an application for bill of particulars which was answered on March 8, 1968. On February 27, 1968, appellant filed an application for discharge from imprisonment, which was denied on March 11, 1968, after hearing.

On March 1, 1968, appellant filed an application to quash the indictment, which was denied on March 11, 1968, after hearing. On March 1, 1968, appellant

filed a challenge to the array of jurors, which was denied on March 11, 1968, after hearing. On March 7, 1968, appellant filed an application for pretrial conference which was held on March 8, 1968.

On March 11, 1968, appellant entered a plea of not guilty. Trial finally commenced March 12, 1968.

Each petition necessitated an answer by the prosecution and many required the holding of evidentiary hearings or oral argument before resolution. In considering whether appellant was afforded a speedy trial, it must be remembered that "the essential ingredient [of the constitutional right to a speedy trial] is orderly expedition and not mere speed". *Smith v. United States,* 360 U.S. 1, 79 S. Ct. 991 (1959). Cf. *Commonwealth v. Stukes,* 435 Pa. 535, 257 A. 2d 828 (1969). As we said in *Stukes,* "In large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace". (At page 545.) In view of the many procedural steps followed by the appellant, we believe he received an orderly, expeditious disposition of the charges against him.

Appellant's contention that the court below committed reversible error in refusing appellant's challenge to the array of the jury panel is actually a contention that the statute governing jury selection is unconstitutional. The challenge is directed specifically to Sections 6 and 7 of the Act of May 11, 1925, P. L. 561, §§6, 7, 17 P.S. 1276, 1277, which require the jury commission to select jurors from a "list of taxables". It is appellant's contention that this statute discriminates against nonproperty holders since the holders of personal or real property are, according to the appellant, the only group "assessed for taxation" in the language of Section 6.

A three-judge statutory court in the United States District Court for the Western District of Pennsylvania

recently considered and rejected a constitutional attack on the same statute. *Clark v. Ellenbogen*, 319 F. Supp. 623 (W.D. Pa. 1970). We need not decide the question. Although appellant raised the matter pretrial, the issue was not presented in the post-trial motions and the court en banc, consequently, had no opportunity to review and decide the question. We have long held that where the court below has not had proper opportunity to decide a question, we will not decide it on appeal. Cf. *Commonwealth v. Myers*, 439 Pa. 381, 266 A. 2d 756 (1970), and cases cited therein.

Appellant also argues that the court committed reversible error in repeatedly stating in its charge and in its answer to a question from the jury that the jury could infer first degree murder from the fatal use of a deadly weapon upon a vital part of the body. The appellant does not contend that this statement of the law is incorrect. It is, instead, his contention that the repeated use (eight references, six in the charge and two in the answer to the jury's question) constitutes "a definition in law and imposed upon the appellant the burden of proving qualifying circumstances, thereby destroying his presumption of innocence."

It should be noted that no objection was made to the charge immediately after it was given, but a general exception was recorded after the jury retired. The first specific objection was noted by defense counsel only after the trial court's response to the jury's question. This would indicate that the appellant's counsel noticed no undue emphasis in the charge when he first heard it. The instructions to the jury "must be read and considered in their entirety". *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A. 2d 552 (1967).

A reading of the entire charge indicates that the court was careful to place the burden on the Commonwealth to show specific intent to kill and to instruct the jury that it was up to them to decide what, if any, in-

ferences they wished to draw from the appellant's use of a deadly weapon on a vital part of the body. Appellant's contentions are without merit.

Judgment affirmed.

Mr. Justice COHEN took no part in the decision of this case.