Commonwealth *v.* Hainds, Appellant.

Argued April 21, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

*Thomas A. Walrath,* for appellant.

*Rudolph J. Van der Hiel,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1972:

In the early morning of December 26, 1968, the appellant, Mark Steven Hainds, age nineteen, accom-

panied by two other young men, was hitchhiking at or near Warrenton, Virginia. The three hitchhikers were picked up by William Ellis, the decedent, who drove them to Buffalo, New York, where the other two hitchhikers disembarked. Ellis and the appellant began the return trip to Warrenton and were driving south on Route 15 from New York State through Pennsylvania, when an altercation occurred in the automobile during which the decedent was shot.

Appellant then drove decedent's car north on Route 15, back toward Buffalo. When he reached Mansfield, Tioga County, Pennsylvania, he deposited the decedent's body in a cemetery, turned the car around and again headed south on Route 15. He was involved in an accident in Liverpool, Perry County, Pennsylvania, early in the morning of December 27, 1968, and was taken to a hospital in Harrisburg.

Appellant was subsequently arrested, transferred to Tioga County, Pennsylvania, and indicted by a Tioga County Grand Jury on the charges of murder and larceny of an automobile. Subsequent to the indictments, the appellant, expressing a desire to show his attorney and the state police where the shooting took place, took them to a spot in Lycoming County. Prior to that, the Commonwealth had no evidence as to where the fatal shot had been fired. On April 21, 1969, after a hearing on a petition and motion filed by the Tioga County District Attorney, the court authorized the Tioga County District Attorney to enter a nolle prosequi on the indictments against the appellee, holding that §49 of the Criminal Procedure Act, Act of March 31, 1860, P. L. 427, 19 P.S. §525, was not applicable and that §46 of the act, 19 P.S. §522, required the appellant to be tried in Lycoming County where the fatal shot had been fired.

On the same day, appellant was rearrested and removed to Lycoming County on charges of murder, lar-

ceny of an automobile and robbery. He was subsequently indicted by a Lycoming County Grand Jury on August 8, 1969. On April 2, 1970, the District Attorney of Lycoming County petitioned the court to enter a nolle prosequi on the charges against the appellant, allegedly because the only evidence as to where the fatal shot had been fired was the uncorroborated statement of the appellant. The appellant was immediately thereafter rearrested by the Tioga County authorities and subsequently indicted for murder, larceny of an automobile and robbery.

On September 21, 1970, a jury trial resulted in a verdict against the appellant of guilty of murder in the second degree.

After denial of his post-trial motions, appellant was sentenced to a term of eight to twenty years' imprisonment. He now appeals from the judgment of sentence. He first contends that the Court of Common Pleas of Tioga County lacked jurisdiction and venue to try him. He contends that §46 of the Criminal Procedure Act, Act of March 31, 1860, P. L. 427, 19 P.S. §522, required that the case be tried in Lycoming County, as the Tioga County court had originally held, and that the Journey Act, §49 of the same Act of 1860, 19 P.S. §525, does not apply.

However, in our view, the "Journey Act" indicates that it was specifically designed for the type of fact situation present in the instant case. The section provides, in part: "In order to obviate the difficulty of proof as to offenses committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property upon any stage coach, stage, wagon, railway car or other such carriage whatever employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed within any county or place

through any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed."

Since it is admitted that the homicide was committed in an automobile while on a journey which passed through Tioga County, all of the requisite elements for the application of the Journey Act are present. The appellant would have us believe that the Journey Act does not apply when the exact locus of the crime becomes known by defendant's testimony. However, the Journey Act, by its terms, contains no such exception. Defendant cannot vitiate the venue once it has attached under the Journey Act.

Appellant next contends that by permitting twenty months to elapse between the commission of the homicide and the date appellant was finally brought to trial in Tioga County, the Commonwealth denied him his constitutional right to a speedy trial. Admittedly the pretrial conduct of the prosecuting authorities in Tioga County and Lycoming County, in passing this case back and forth between them, was not a model of efficiency. As we have already noted, under the plain language of the Journey Act, either county could have tried the case. However, an examination of the docket entries in this case indicates that only a small part of the delay was occasioned by the Commonwealth's confusion. Much of the delay was occasioned by appellant's attorneys' pretrial maneuvering, including the filing of numerous pretrial motions concerning the suppression of evidence, the pretrial psychiatric examination of appellant, and request for pretrial discovery.

Appellant raises only one other issue on appeal. He contends that the trial court erred in charging the jury that it was the Commonwealth's position that the decedent met his death at the hands of appellant, who

was attempting to commit a robbery. According to appellant, since the Commonwealth elected to proceed against appellant only on the charge of murder, while not proceeding on the charges of larceny or robbery, it was not entitled to a charge on felony-murder. However, we have repeatedly held that where murder is alleged to have been committed in the perpetration of a felony, perpetration of that felony need not be set forth in the indictment. *Commonwealth v. Lowry*, 374 Pa. 594, 98 A. 2d 733 (1953), cert. denied, 347 U.S. 914, 74 S. Ct. 479, 98 L. Ed. 1070. *Commonwealth v. Bruno*, 316 Pa. 394, 175 A. 518 (1934).

An examination of the record indicates that there was ample evidence to support the Commonwealth's theory of this case. One of appellant's co-hitchhikers testified that appellant told him on the day before the killing that he, appellant, intended to leave the decedent at a restaurant, take his car and return to Buffalo to pick up the witness. The appellant admitted that this conversation took place, although he said that the idea "was dropped." Appellant further admitted that the decedent was "still breathing" when appellant deposited him on the side of the road and drove away, testimony which seems to be stronger support for the Commonwealth's theory of felony-murder than the appellant's version of self-defense.

Judgment of sentence affirmed.

Mr. Justice POMEROY took no part in the consideration or decision of this case.