Commonwealth *v.* Mileski, Appellant.

Argued November 14, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

14

*Alexander Hemphill,* for appellant.

*Albert L. Becker,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, September 19, 1973:

The appellant, Stanley Mileski, was convicted of first-degree murder and sentenced to life imprisonment. Post-trial motions were denied and this appeal followed. The only question raised by the appellant is whether there was error in the charge to the jury. We conclude that there was and reverse the judgment of sentence.

Two indictments were returned against the appellant. One indictment was for murder and the other indictment was for aggravated robbery. The charges resulted following the death of Charles Tobin from suffocation and thoracic injuries caused by a blunt instrument.

At the conclusion of the prosecution's case, the defense demurred to the indictment concerning aggravat-

ed robbery. The trial court sustained the demurrer stating that the robbery had not been established beyond a reasonable doubt. Consequently, since the demurrer to the robbery indictment had been sustained, the defense presented no evidence concerning the alleged robbery. The defense mainly consisted of evidence concerning the appellant's intoxication which could have reduced the possible verdict of first-degree murder to second-degree murder.

Although the demurrer to the robbery indictment was sustained, in the charge to the jury, the trial court in defining the types of first-degree murder stated: "The law of Pennsylvania provides that all murder which shall be perpetrated by means of poison or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, *or which shall be committed in the perpetration of,* or attempting to perpetrate any arson, rape, *robbery,* burglary or kidnapping, *shall be murder in the first degree.* All other kinds of murder shall be murder in the second degree." (Emphasis supplied.)

Since the trial court had sustained the demurrer to robbery there was no need to mention the felony-murder theory. Shortly afterwards, however, the trial court did inform the jury that "the use of poison, or lying in wait, or perpetrating or attempting to perpetrate one of the enumerated crimes does not apply and has no relevance to this case, as I have sustained a demurrer to the bill of indictment charging the defendant with aggravated robbery. I will, therefore, not dwell on these." Later in the charge, the trial court repeated that there was no robbery in this case.

Unfair prejudice may result if the jury is told about the felony-murder theory in a case such as this where there has been testimony about the alleged commission of a robbery followed by the elimination of the robbery indictment from the jury's consideration. There is a

great risk of confusion which may be difficult to remedy by appropriate instructions.

In this case, unfair prejudice did occur when the trial court, after completing the main charge, granted the prosecution's request for the following charge: "[A]ll murder is perpetrated by a willful, deliberate and premeditated killing, or *which is committed in the perpetration or attempted perpetration of any robbery* is murder in the first degree." (Emphasis supplied.)

Defense counsel's objection to the above charge was overruled. There is no explanation for the above charge which, once again, called the jury's attention to felony-murder based on robbery. The granting of the prosecution's unexplained request for this irrelevant charge must certainly have left the jury in a state of confusion concerning the status of the felony-murder rule in this case, thereby creating an unfair prejudice to the appellant.

The jury's confusion became evident after three hours of deliberation. The jury returned to the courtroom and specifically requested a clarification between first- and second-degree murder. The trial judge responded as follows:

"The law in Pennsylvania says that murder by means of poison is murder in the first degree. If I go out to poison somebody, under the law of Pennsylvania, that is first degree. *Of course, that is not in this case.*

"Then the other one is lying in wait. If you get some deadly weapon, like a gun and hide behind a bush until somebody comes along and you wait for him and shoot him, that is first degree murder, *but that is not in this case.*

"What the Commonwealth is charging here is that this killing was willful. . . . If you go out with an intention to kill and you plan the killing and you select the means of committing the crime, that is a willful, premeditated and deliberate killing.

"Now, if a person starts drinking and gets himself to a point of intoxication where he doesn't know what he is doing and where he is so drunk that he can't form this intention to kill and to premeditate and to deliberate, he is so drunk he doesn't know what he is doing, but he has gotten himself drunk where there was a voluntary act—that doesn't mean that he is excused—then it would be murder, but it would be murder in the second degree.

"Now, there are certain crimes that the Commonwealth says if somebody tries to commit arson or rape or *robbery* or burglary or a kidnapping, and in the course of the commission of such a crime a person is killed, whether it is accidentally or intentionally, *whether he is drunk or sober,* in such a case it would be murder in the first degree." (Emphasis supplied.)

In the above additional instructions given to the jury when they returned to the courtroom, the trial court aggravated the confusion originally created. The trial court once again referred to the felony-murder rule and stated that if somebody commits robbery it would be murder in the first degree. No warning was given to the jury that the felony-murder rule was not applicable to their consideration, although the trial court carefully inserted a caveat after his reference to murder by poison or by lying-in-wait. Moreover, the trial court failed to remind the jury that robbery was no longer in this case.

The jury could reasonably have thought that the felony-murder rule was applicable. We are, therefore, unable to determine whether the jury's verdict of first-degree murder was based on a willful, deliberate and premeditated killing or whether it was based on the felony-murder rule which had been eliminated from the case when the trial court granted the defendant's demurrer.

The prosecution argues that no error was committed in view of *Commonwealth v. Hainds,* 448 Pa. 67, 292 A. 2d 337 (1972), in which this Court sustained the submission of a felony-murder theory to the jury even without a separate indictment based on the felony. That principle cannot apply, however, where, as here, the trial court has made a specific ruling sustaining the demurrer to a charge of robbery. The present case is comparable to one in which there is only an indictment for murder, but the court decides that the evidence of the felony is insufficient to submit the felony-murder theory to the jury. In *Commonwealth v. Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970), we held that the felony-murder theory was not properly applicable when the evidence is insufficient to establish that a robbery had been committed. In the present case, the trial court specifically held that the evidence was insufficient to establish that a robbery had been committed.

The trial court's charge was confusing in another respect. During the presentation of the defense, evidence was introduced concerning intoxication in an attempt to reduce the crime to murder in the second degree. In the additional instructions, however, the trial court told the jury that under the felony-murder rule intoxication was *irrelevant.* This further aggravated the confusion in the jury's mind because the trial court also charged that intoxication was *relevant* in considering whether the crime was first-degree murder or second-degree murder. The unnecessary reference to the irrelevancy of intoxication under the felony-murder rule may have deprived the defendant of a proper consideration by the jury of the intoxication issue relevant to the premeditation element in the first-degree murder.

In this case, the jury was first told that there was no felony-murder involved; the jury was then told that felony-murder was involved. The jury was told that intoxication was relevant on the issue of first- or second-

degree murder, but then was told that intoxication was not relevant on the issue of first-degree murder under the felony-murder rule. We can only conclude, considering the entire charge—the main charge and the additional charge—that the confusion created in the jury's mind resulted in an unfair prejudice to the appellant.

Judgment reversed and new trial granted.