Commonwealth *v.* Jones, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lawrence C. Zeger,* for appellant.

*Merrill W. Kerlin,* District Attorney, for Commonwealth, appellee.

Opinion by Hoffman, J., April 3, 1974:

This is an appeal from a judgment of sentence for aggravated assault and pointing a firearm.

The charges arose from a shooting incident which occurred at a trailer occupied by the appellant and the victim's husband. The victim (Mrs. House) and her children went to the trailer to see Mr. House, and were waiting outside in their car for him to arrive. When appellant saw Mrs. House, she told her to leave. Several minutes later, the appellant fired three rifle shots at the car through the bathroom window of the trailer. One of the shots struck Mrs. House in the thigh.

At the preliminary hearing, Mrs. House and her two children testified that they did not know who fired the shots, or where they came from. At trial they recanted their previous testimony and identified appellant as the person who fired the shots. They stated that they perjured themselves at the preliminary hearing in order to save Mrs. House's marriage and prevent appellant from going to jail, and that they were now telling the truth at trial.

Appellant contends that the trial judge's charge to the jury concerning the witness's credibility improperly influenced the jury's determination of the veracity

of their testimony.[1] However, appellant did not object to this or any portion of the charge, and, therefore, may not now assign this portion of the charge as error on appeal. Pa. R. Crim. P. No. 1119(b);[2] *Commonwealth v. Zapata*, 447 Pa. 322, 290 A. 2d 114 (1972). Appellant is further precluded from raising this issue on appeal by a failure to raise it in post trial motions. *Commonwealth v. Phillips*, 183 Pa. Superior Ct. 377, 132 A. 2d 733 (1957). The charge, moreover, was not so unfair or prejudicial as to constitute basic and fundamental error.[3] See, *Commonwealth v. Jennings*, 442 Pa. 18, 274 A. 2d 767 (1971).

---

[1] The relevant portion of the judge's charge reads as follows: "Now it will be important in this case for you to determine, as it is in every case, the credibility of each of the witnesses who has testified before you. . . . Now, in this particular case, in determining the credibility of the witnesses you must, of course, take into consideration the fact that apparently Mrs. House and her two daughters did testify at a prior hearing called a preliminary hearing in this case. Mrs. House and one of the daughters had told us that they testified incorrectly, falsely, at that hearing. Even at preliminary hearings witnesses are sworn to tell the truth, if they do not tell the truth the consequences are the same as if in a courtroom. The witnesses did offer an explanation as to why they testified falsely at that prior hearing and it will be up to you to determine whether or not that was an adequate explanation for you. It is true that you must judge the testimony you hear today based on what the witnesses tell you here today, but at the same time you must take into account to determine the credibility of these witnesses the fact that they did testify falsely at a prior hearing."

[2] Rule 1119(b) provides: "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."

[3] Although the trial judge remarked at one point that the witnesses did testify falsely at a prior hearing (see n.1), he did state that it was the jury's duty to determine the credibility of their trial testimony, and that they only testified that their prior testimony was false. Under these circumstances, we believe that the determination of which story was credible was left to the jury.

454

Appellant's second contention is that the conduct of the victim during trial deprived her of a fair and impartial trial. During defense counsel's cross-examination, Mrs. House interrupted her testimony to ask the court to prevent her husband from talking to her daughters while she was testifying. The trial court ordered the children removed and defense counsel resumed his cross-examination. The second instance of misconduct allegedly occurred while the victim was seated in the courtroom and made a remark during her husband's testimony for the defense. The trial judge immediately ordered her to leave the court room.

Not every unwise or irrelevant remark made during trial compels the granting of a new trial. Where, as in the instant case, "the remark [of record] may be said with fair assurance to have had but a slight effect upon the jury, if any at all . . . it will not vitiate an otherwise fair trial." *Commonwealth v. Phillips, supra,* at 382; *Commonwealth v. Blose,* 160 Pa. Superior Ct. 165, 170, 50 A. 2d 742 (1947).

Moreover, to neither instance of misconduct did defense counsel interpose an objection, request cautionary instructions or corrective measures, or request a removal of a juror. With respect to the second instance of misconduct, no attempt was made to include Mrs. House's remark on the record. Counsel did not assign Mrs. House's misconduct as error in post-trial motions. Under these circumstances, the issue may not be raised on appeal. *Commonwealth v. York,* 453 Pa. 317, 309 A. 2d 547 (1973).

The judgment of sentence is affirmed.