Commonwealth *v.* Terry, Appellant.

Argued November 13, 1973. Before JONES, C. J.,
EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDER-
INO, JJ.

*William L. Van Alen, Jr.,* with him *Van Alen & Sellers,* for appellant.

*Maxine J. Stotland,* Assistant District Attorney, with her *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

Appellant, Nelson Terry, was indicted on bills containing counts of conspiracy, forcible rape, burglary, aggravated robbery and murder. Prior to his trial, appellant filed a motion to suppress his confession which was denied. Appellant then proceeded to trial on December 6, 1971. After the jurors had been sworn, appellant changed his plea from not guilty to guilty. After he was examined on his guilty plea, it was accepted and the judge decided that a case of first degree murder had been made out by the Commonwealth. Thereupon, a three-judge panel found appellant guilty of murder in the first degree. He was sentenced to life imprisonment. The other bills were nolle prossed. This appeal followed.

Appellant first argues that the court erred in accepting his guilty plea due to the fact that the plea was motivated by a confession that was the product of a violation of Pennsylvania Rule of Criminal Procedure 118.█ *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). We do not agree. An examination of the record in this case clearly indicates that the appellant's confession was not illegally obtained. Appellant was arrested on September 12, 1970, at approximately 11:30 p.m., in connection with an unrelated burglary and robbery that had occurred in the Annin Street area of Philadelphia. He was then taken to police headquarters, at approximately 12:30 a.m., on September 13, 1970, where, after proper constitutional warnings, he was questioned and gave an oral statement, later reduced to writing, implicating himself in the Annin Street crime. He signed the statement at approximately 4:15 a.m., on September 13, 1970.

Appellant was then transferred to the Police Administration Building, presumably to be arraigned on the burglary and robbery charges which arose out of the Annin Street incident. At approximately 11:45 a.m., on September 13, 1970, appellant was taken to an interrogation room for questioning about the death of Lovey Connors, the decedent in the instant case. The police stated that they initially suspected appellant because the house where the decedent had been murdered was entered in the same manner as the burglarized home on Annin Street, and that the two homes were in the same neighborhood. Appellant was left in the interrogation room until approximately 1:00 p.m., when the questioning formally began. He was warned of his constitutional rights and waived them. Prior to his questioning, a strip search of appellant

was conducted, which revealed blood on his undergarments. Shortly after the blood was discovered, appellant orally confessed to his participation in the murder of Lovey Connors. The police then reduced appellant's statement to writing, but it was not signed.

After the initial statement was taken, appellant was allowed to use the wash room and was given a drink of water. He was then left alone until 2:15 p.m., at which time he was again interviewed until approximately 3:15 p.m. After the interview, appellant was given a meal and was allowed to rest until 5:00 p.m. At 5:00 p.m., appellant was again advised of his constitutional rights and then proceeded to give a formal statement, the admissibility of which he now challenges.

In *Commonwealth v. Futch, supra,* we held that a confession becomes inadmissible if it is the product of an unnecessary delay in arraignment. In the instant case, we do not find such a causal relationship between the delay in arraignment and the confession. Appellant confessed to the murder of the decedent within an hour after the questioning about that crime began. All delay before that time was necessarily related to the Annin Street robbery or to the period when appellant was asleep in the Police Administration Building. The time between 1:00 p.m., when appellant orally confessed to his crime, and 5:00 p.m., when his formal statement was prepared, was devoted solely to obtaining the names of possible accomplices and to giving appellant a meal and a period of rest. On the facts of this case, we do not believe that the confession challenged herein was the product of any unnecessary delay in arraignment.

Appellant next argues that he could not be found guilty of first degree murder, because the first degree conviction was based upon the felony-murder rule and

the Commonwealth had agreed to nolle pros the felony charges. We find this argument without merit. In *Commonwealth v. Hainds,* 448 Pa. 67, 292 A.2d 337 (1972), we stated: ". . . we have repeatedly held that where murder is alleged to have been committed in the perpetration of a felony, perpetration of that felony need not be set forth in the indictment." Moreover, the nolle pros of the charges by the Commonwealth was not the type of situation presented in *Commonwealth v. Mileski,* 454 Pa. 13, 309 A.2d 425 (1973), when we held that a demurrer to a robbery charge would preclude the operation of the felony-murder rule. In this case, the Commonwealth, by its nolle pros, only chose not to prosecute the felony charges; it did not move for a dismissal of the charges.

Appellant lastly argues that the Commonwealth violated a plea-bargain agreement because it was agreed that if appellant would enter a guilty plea, the felony indictments would be nolle prossed and that the breach occurred when the Commonwealth used the felonies for proposing the establishment of murder in the first degree. We cannot accept this argument. The Commonwealth, by using the felonies in question to establish murder in the first degree, did not breach the plea-bargain agreement. Appellant, by pleading guilty to murder generally, agreed to accept the decision of a three-judge panel as to his degree of guilt. The Commonwealth did no more than present the facts that surrounded the murder and left the final determination as to degree of guilt up to the court. There was no agreement of record to the effect that the crime in question rose no higher than second-degree murder.

Judgment of sentence affirmed.

Mr. Justice ROBERTS dissents.

Mr. Justice NIX dissents.

Mr. Justice MANDERINO dissents.

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I adhere to the view expressed in my dissenting opinion in *Commonwealth v. Dutton,* 453 Pa. 547 at 551, 307 A.2d 238 at 240 (1973), that our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), should be applied prospectively only. Moreover, even if *Futch* is to be applied to render inadmissible evidence obtained in violation of Rule 118 before the date of that decision, this Court should not consider on direct appeal issues not properly presented to the court below. *Commonwealth v. Bittner,* 441 Pa. 216, 272 A.2d 484 (1971); *Commonwealth v. Myers,* 439 Pa. 381, 266 A.2d 756 (1970). In this case post-trial motions were waived. Hence any objection under Rule 118 to the admissibility of the confession, as well as the other points considered in the Court's opinion, are not properly before the Court.

Mr. Chief Justice JONES and Mr. Justice EAGEN join in this concurring opinion.