344 A.2d 485

COMMONWEALTH of Pennsylvania

v.

Samuel X. JOHNSON, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued Jan. 13, 1975.

Decided Oct. 3, 1975.

Vincent J. Ziccardi, Defender, John W. Packel, Chief, Appeals Div., Defender Assn. of Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Order affirmed.

MANDERINO, J., filed a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, Justice (dissenting).

I dissent. Appellant's Sixth Amendment right to effective assistance of counsel was clearly violated by the actions (and inaction), both at trial and on appeal, of his court-appointed defense attorney. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), we set forth the test to be applied where a denial of effective assistance of trial counsel is alleged in a petition for post conviction relief. "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original.) 427 Pa. at 604, 235 A.2d at 352.

The record reveals that appellant did not receive the standard of representation guaranteed by the Constitution. In many instances, trial counsel's actions or inaction were not founded upon reasonable trial strategy, but were plainly the result of counsel's lack of trial experience. The two examples which follow illustrate the ineffectiveness displayed by appellant's counsel throughout the trial.

Several times during presentation of the prosecution's case, the assistant district attorney, made reference to the gruesome condition of the decedent's body by introducing photographs of the body and questioning prosecution witnesses as to what these photographs depicted. When placing these photographs into evidence, the prosecution stated that they showed the decedent's body but

that he had no request that the photographs be shown to the jury. When showing these photographs to the prosecution's first witness, the Philadelphia County Assistant Medical Examiner, the prosecutor stated that they were for his "eye only," and that the jury was not to see them. Later, the following exchange occurred between the assistant district attorney and another of the prosecution's witnesses:

"Q. I show you Commonwealth's Exhibit No. 3, a photograph, I will ask that you hold it so that the jury will not see it.

[Assistant District Attorney]: Your Honor, Commonwealth's Exhibits 3, 8, 9, 10 and 11, because they show in some parts of the body of the deceased, I have been asking that they be held closely to the witness so as not to be shown to the jury, *in view of their nature.*" (Emphasis added.)

This tactic was used consistently by the prosecutor to subtly convey to the jury the gruesome nature of the homicide committed upon the decedent. Although this tactic was used on several occasions by the prosecution, appellant's trial counsel never objected. There was no need for the prosecution to dwell on the nature of the injuries inflicted upon the decedent for it did not even contend that appellant committed the homicide. The prosecution's theory of guilt was one of felony-murder: that appellant was guilty of first degree murder because he participated with his cousin in the rape and robbery of the victim and because his cousin committed the homicide in furtherance of those felonies. Clearly, there can be no reasonable tactical basis for not attempting to exclude that evidence. In *Commonwealth v. Powell*, 428 Pa. 275, 241 A.2d 119 (1969), we held that since the force used and the nature of the injuries are irrelevant to a finding of first degree felony murder, it was reversible error to admit photographs depicting the decedent's

body where such photographs were likely to inflame the minds and passions of the jurors.

Following the presentation of the prosecution's evidence, appellant's trial counsel successfully demurred to the rape indictment and that charge was withdrawn from the case. The court in its charge to the jury, however, *repeatedly* referred to rape as one of the enumerated felonies from which the jury could find appellant guilty of first degree felony murder, and repeatedly instructed as to the elements of the charge of rape. We recently held in *Commonwealth v. Mileski,* 454 Pa. 13, 309 A.2d 425 (1973), in an opinion written by this dissenter, that it was reversible error for the trial judge to instruct the jury on the law of felony murder based on robbery after having sustained defendant's demurrer to the robbery charge. *Mileski* was based, in part, on *Commonwealth v. Simpson,* 436 Pa. 459, 260 A.2d 751 (1970), which "held that the felony-murder theory was not properly applicable when the evidence is insufficient to establish that a robbery had been committed." *Id.* at 18, 309 A.2d at 427. Here, the trial judge determined that there was insufficient evidence to sustain the rape charge but proceeded, nevertheless, to instruct the jury concerning the alleged rape. The failure of appellant's trial counsel to object can be justified by no reasonable trial strategy and is a clear indication of his ineffectiveness.

ROBERTS, J., joins in this dissenting opinion.